# EXHIBIT A

## SETTLEMENT AGREEMENT

This agreement ("Agreement") is made between Mohammed Bouhajrah (Plaintiff), Magic Way Gourmet Deli Inc. ("Defendant"), Tinton Convenience Corp., ("Defendant") and Meqdad Musleh ("Defendant") ("Plaintiff" and "Defendants", collectively, the "Parties").

WHEREAS, Plaintiff filed a lawsuit against Defendants captioned *Bouhajrah v. Magic Way Gourmet Deli et al.*, No 18-cv-002239., in the United States District Court for the Southern District of New York ("the Action") alleging that Defendants are liable for, among other things, unpaid minimum wage, overtime premium pay, spread-of-hours pay, liquidated damages, attorneys' fees and costs and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") and its implementing regulations, all of which Defendants have from the outset denied and continue to deny; and,

WHEREAS, the Parties have considered the interests of all concerned are best served by compromise, settlement, and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests; and

WHEREAS, to the extent there may be monies owed to Plaintiff under the FLSA and/or NYLL, the Parties acknowledge there is a genuine good faith dispute over, among other things, the number of hours worked by Plaintiff; and

WHEREAS, the Parties have engaged in settlement negotiations and as a result have agreed to settle the issues, matters and things in dispute among them in the Action pursuant to the terms of this Agreement; and,

NOW THEREFORE, in consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows:

1. **Settlement.** The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not be construed as an admission by Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as an, admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation or order (including executive orders).

2. **Payment to Plaintiff.** In return for the good and sufficient consideration set forth herein, the Parties agree to the following:

a. Defendants shall pay Plaintiff $9,000.00. The payment shall represent $6,000 in alleged unpaid wages, liquidated damages, statutory damages and/or interest; and $3,000 in attorneys' fees and costs (specifically $2,510 in fees and $490 in costs).

b. Defendants shall satisfy the payment obligation set forth above in subsection (a) by delivering to Plaintiff's counsel, Mohammed Gangat, Esq., 675 3rd Avenue, Suite 1810, New York, NY 10017, via USPS mail with tracking service, or a comparable alternative, within fifteen days of the Court's approval of the Agreement a check in the amount of $5,000, and thirty days thereafter, a check in the amount of $4,000.

3. **Release and Waiver of Rights and Claims by the Plaintiff.** In consideration for the settlement payment set forth above, Plaintiff hereby completely, irrevocably and unconditionally does release, waive and forever discharge the claims alleged in the Action and any and all claims, charges, complaints, judgments, or liabilities of any kind against Defendants, their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, accountants, insurers, fiduciaries, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "RELEASEES"), whether known or unknown, arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, et seq., the New York Labor Law §§230, et seq., the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, all claims for compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, and any claim for attorneys' fees or costs incurred in pursuing such claims against any of the RELEASEES.

4. **No Other Payment Due.** Except as specifically provided in this Agreement, Plaintiff agrees that he is not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from Defendants for any work

he performed for Defendants during the relevant period as defined in the Complaint to the date the Parties execute this Agreement.

5. **Accord and Satisfaction**. Should any proceeding be instituted by Plaintiff with respect to matters here settled, released or waived pursuant to the Agreement, other than an action or proceeding to enforce the terms of the Agreement, this Agreement shall be deemed full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

6. **Dismissal of the Action**.

   a. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the Action, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against the parties they have released herein; and will not accept any money from or file any other currently existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Defendants' improper payment of wages to Plaintiff during his employment by Defendants through the date this Agreement is executed by the Parties.

   b. Payment of the Settlement Amount due under this Agreement is contingent upon the Court approving this Agreement.

   c. After payment pursuant to this Agreement is received by Plaintiff's counsel, Plaintiff shall execute the Stipulation of Dismissal with Prejudice and provide a signed copy of such to Defendants and Defendants shall then execute same and Plaintiff's counsel shall file a fully-executed copy of the Stipulation of Dismissal with the Court.

   d. The Stipulation of Dismissal shall expressly state that the dismissal is with the Court reserving authority to retain jurisdiction to enforce the terms of this Agreement for a period of not longer than sixty days following dismissal.

   e. The Parties agree to use their best efforts to obtain the Court's approval of this Agreement and endorsement of the Stipulation of Dismissal.

7. **Claims Not Included**. The Parties agree that the above paragraphs shall release Defendants from liability to the fullest extent permitted by law and only to the extent permitted by law. The Parties acknowledge that this Agreement does not prohibit the following rights or claims:

1) claims that arise after the date the Parties execute this Agreement; 2) any rights or claims, whether specified above or not, that cannot be waived as a matter of law pursuant to federal, state or local statute; and, 3) Plaintiff's right to claim and receive unemployment benefits arising out of his termination. If it determined that any claim covered by this Agreement cannot be waived as a matter of law, the Parties expressly agree that the Agreement will nevertheless remain valid and fully enforceable as to the remaining released claims.

8. **Attorneys' Fee and Costs Provision**: If Plaintiff files a lawsuit (or court pleading) or arbitration to enforce the terms of the Agreement, and this results in a recovery of damages for Plaintiff against either or both of the Defendants or otherwise results in a finding of liability against either of both of the Defendants, Plaintiff shall have the right to collect from Defendant(s) Plaintiff's reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing the Agreement.

9. **Entire Agreement**. The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

10. **Non-Disparagement**. The Parties agree not to disparage any Plaintiff or Defendant involved in this Action in any way or say or do anything that would harm the reputation of that individual and/or corporate entity. It is expressly agreed to between the Parties that nothing in this Agreement shall prohibit a party from making truthful statements concerning the Agreement or the proceedings in the Action. The Parties retain their right to discuss all matters related to this Action so long as the Parties' statements are truthful.

11. **Waiver and Modification**. This Agreement may not be modified, altered or changed except upon express written consent of the Parties.

12. **Counterparts**. This Agreement may be executed in counterparts and/or by facsimile and remain entirely enforceable.

13. **Use of the Singular**. Whenever used in this Agreement, the singular word shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. This Agreement shall not be interpreted in favor of, or against, either party because of such party having drafted this Agreement.

14. **Governing Law.** This Agreement shall be subject to and governed by the laws of the State of New York.

15. **Severability Clause.** If any term or provision of this Agreement, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable to Defendants.

In Witness Whereof, Plaintiff and Defendants hereunto set their hands this the 11th day of July, 2018.

PLAINTIFF MOHAMMED BOUHAJRAH

_____
Mohammed Bouhajrah

DEFENDANT TINTON CONVENIENCE CORP.

_____
Tinton Convenience Corp.

DEFENDANT MAGIC WAY GOURMET DELI INC.

_____
Magic Way Gourmet Deli Inc.

DEFENDANT MEQDAD MUSLEH

_____
Meqdad Musleh